(No. 77-CC-0416—)

DOUGLAS ALLEN BAKER, Claimant, *v.* THE STATE OF ILLINOIS, Respondent.

*Opinion filed October 23, 1981.*

PHILLIPS, PHEBUS, TUMMELSON & BRYAN (GEORGE G. BRYAN, of counsel), for Claimant.

TYRONE C. FAHNER, Attorney General (WILLIAM E. WEBBER, Assistant Attorney General, of counsel), for Respondent.

ROE, C. J.

In the afternoon on March 16, 1975, the Claimant, Douglas Baker, and three friends drove to Starved Rock Park, where they spent four hours hiking through the park viewing scenic and historic sites. They apparently did not pay anything to enter the park. They walked the paths of Starved Rock and then walked to Lover's Leap. While in the vicinity of Lover's Leap with his three friends, the Claimant fell off the cliff onto a lower path area. As a result of the fall he sustained serious injuries for which this claim is made.

It is obvious from the testimony of the witnesses that the trails through the park were muddy, but not slippery, and that it was not a time the park ordinarily was visited by a great number of visitors. Although there had been a number of people using the paths in question on the day in question, according to Mr. Baker it was a clear day, the weather was wet, and the sun was shining, but it had been freezing and thawing through the week.

The Claimant testified that they were walking around the Lover's Leap area sightseeing and that as he turned to leave, "I took a step and just dropped." Claimant's exhibits Nos. 6 and 7 portray the area of the path in which he was walking when he fell, as it existed on the day of the accident except for the fence shown in Claimant's exhibit No. 7. He stated the walk was approximately five feet wide. According to the Claimant there was not a lot of vegetation on the ground on the day of the accident, but brown grass was visible. On cross-examination the Claimant testified that the others of his party had turned to leave and he took one step and down he went. He stated he stepped forward. He was turning to leave. He pivoted on his right foot first. He further stated that he didn't believe that he slipped. He said, "my feet did not slip." He stated that the cause of his fall was that the ground broke away and he went straight down. He stated the mud was ankle deep in the area where he fell. He marked an "x" on the map where he fell. On re-direct examination he stated that the area where he was standing and fell was kind of like an overhang from the ground looking up. It tips out of the top like an indentation outwards at the top. Immediately before the fall he was standing on the path as he turned to start to leave and that is when he fell. Apparently Mr. Baker and his friends were aware of the fact that a cliff existed for they had been viewing the area for some time before they turned to leave.

In *Vaughn v. State of Illinois* (1977), 31 Ill. Ct. Cl. 465, the Court held that section 8(d) of the Court of Claims Act (Ill. Rev. Stat., ch. 37, par. 439.8(d)), stated that the defenses available to private persons or corporations in a civil suit are available to the State of Illinois in the Court of Claims. The Court further held in the *Vaughn* case that section 3 of the "Recreational Use of

Land and Water Areas Act" (Ill. Rev. Stat. 1979, ch. 70, par. 33) provides that a private person or corporation who provides land for recreational use, without the payment of a fee, owes no duty to keep the premises safe for entry or use by any persons for recreational purposes, or to give any warning of a dangerous condition, the use, structure, and activity on such premises to persons entering for such purposes. It would therefore appear that the State is not liable to Mr. Baker in this case before this Court.

The Claimant raised the question of wilful and wanton misconduct on the part of the State in its argument to the Court, but did not plead it in the complaint. After consideration of all the evidence the Court does not feel that the State is guilty of wilful and wanton misconduct in this matter.

This Court further is of the opinion that the record does not establish by preponderance of the evidence how the Claimant fell over the cliff. Claimant's exhibit No. 7 would indicate that the Claimant was off of the path at the time of his fall.

In a scenic park of this nature there apparently are cliffs, hills, exposed tree roots, and other natural conditions which would make walking in the area hazardous if care is not used, but the State cannot be held liable if a person does not exercise the proper care while making use of and enjoying the natural habitat of a park. The nature paths in the park could be blacktopped and, of course, screens could be erected around all of the cliffs. This would help protect visitors, but it would destroy the natural beauty of the park. Visitors to parks must use care that they do not stumble or fall, or that they do not expose themselves to falling from a cliff. It does not

seem prudent that on an extremely muddy day a person would stand so closely to the edge of a cliff that the edge could give way causing injury.

Even if the edge of the cliff gave way causing the Claimant to fall it was not an obvious defect that the State of Illinois could have done anything about. It should have been obvious to the Claimant that he was in an area which required extreme caution on his part, and that it was not prudent to approach too closely the edge of the cliff.

Based upon precedent it appears that the Claimant should be denied any recovery in this matter based upon the Recreational Use of Land Act, but even in the absence of said Act it is the opinion of this Court that the Claimant's claim should be denied based upon the fact that the State of Illinois was not guilty of negligence and the Claimant was guilty of contributory negligence. It is so ordered.